# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6856 | **DATE** | 8/27/2010 |
| **CASE TITLE** | Steven Boyd (#411745) vs. Matthew Alcoke, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file amended complaint [#34] is granted. Defendant's motion to dismiss [#16] is denied as moot. However, Plaintiff must submit a second amended complaint, as the one he has submitted is unacceptable. Failure of Plaintiff to comply with these directives within thirty days will result in summary dismissal of this case. The Clerk is directed to send Plaintiff an amended complaint form, and instructions along with a copy of this order. Plaintiff's motion for pre-trial conference [#37] is denied. Plaintiff's motions to compel initial disclosures pursuant to Fed R. Civ. P. 26(a) [#40 & #42] are denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Steven Boyd, a federal prisoner, has brought this *pro se* civil rights action pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), alleging that Defendant FBI Agent Matthew Alcoke used excessive force during his arrest on December 15, 2008. Defendant moved to dismiss, arguing that he is entitled to qualified immunity, the use of force was reasonable under the facts he had at the time, and Plaintiff is barred from pursuing his claims under *Heck v. v. Humphrey*, 512 U.S. 477 (1994). At the Court's request, Defendant provide supplemental briefing on the *Heck* issue, and Plaintiff the moved to file an amended complaint.

The Court grants Plaintiff's motion for leave to amend his complaint. Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the amended complaint. In his amended complaint, Plaintiff alleges two instances of excessive force during his arrest on December 15, 2008. First, he alleges that FBI Agent Wallschloger shot him in the chest when he was attempting to move the FBI van he was placed in after being arrested and handcuffed. The Court may and does take judicial notice of the fact that at the sentencing in Plaintiff's criminal case, Judge David Coar considered Plaintiff's actions in moving the van to constitute reckless endangerment under the Sentencing Guidelines and used that finding to enhance Plaintiff's sentence. *See* Mot. to Dismiss, Ex. 5 (Nov. 4, 2009 Tr. in *US v. Boyd*, No. 08 CR 1036) at 87-88; *see Doherty v. City of Chicago*, 75 F.3d 318, 324 n.4 (7th Cir. 1996).

Plaintiff's claim concerning the shooting is barred by *Heck v. Humphrey*. In *Heck*, the Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Muhammad v. Close*, 540 U.S. 749, 751 (2004). In Plaintiff's criminal case, Judge Coar found that Plaintiff's acts just before the shooting constituted reckless endangerment, defined as "creat[ing] a

| STATEMENT |
|---|

substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. Plaintiff's claim of excessive force concerning the shooting is contrary to and would imply the invalidity of Judge Coar's finding, as a law enforcement officer's use of deadly force is reasonable if the person the officer shot posed a threat of serious physical harm to law enforcement officers or others. *See Tennessee v. Garner*, 471 U.S. 1, 11-12 (1985). For this reason, *Heck* bars Plaintiff's claim based on the shooting.

Plaintiff also alleges a second instance of excessive force. He alleges that while he was laying on the ground, with a gun-shot wound, Agent Alcoke or Agent Wallschloger hit him in the head with his gun. Plaintiff's pleading is somewhat confusing in that it identifies first one agent and then the other as the person who hit Plaintiff in the head with a firearm (perhaps Plaintiff is unsure which Defendant hit him, or perhaps he alleges that both Defendants did so). Accepting Plaintiff's allegations as true, however, those allegations give rise to a colorable claim of excessive force against whichever agent struck him after he had been shot and handcuffed. *See Jacobs v. City of Chicago*, 215 F.3d 758, 773 (7th Cir. 2003). Because, however, Plaintiff's pleading is unclear as to which agent(s) he contends committed this act, Plaintiff must submit a second amended complaint. In his proposed second amended complaint, Plaintiff should address only the alleged excessive force that he says occurred after he was shot, not the shooting, because that particular claim is barred as the Court has explained.

Plaintiff must write both the case number and the judge's name on the second amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the second amended complaint.** Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the second amended complaint, without reference to the original or amended complaints. Any exhibits Plaintiff wants the Court to consider in its threshold review of the second amended complaint must be attached, and each copy of the second amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Clerk is directed to send Plaintiff an amended complaint form, and instructions along with a copy of this order. Plaintiff is encouraged to complete the form provided to ensure that his amended complaint satisfies the pleading requirements of the federal rules.

The Court finds that there is no need for a status or pre-trial conference at this point. Defendants are not required to submit a response to the complaint until Plaintiff submits his second amended complaint.

Plaintiff has also filed two motions to compel initial disclosures pursuant to FED R. CIV. P. 26(a). The Court denies these motions [#40, 42]. Defendants are exempt from such disclosures pursuant to FED R. CIV. P. 26(a)(1)(B)(iv) because Plaintiff is pursuing this action *pro se* and is in federal custody. The Court will address the subject of discovery once Plaintiff has submitted an acceptable second amended complaint.