**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STEVEN BOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09 C 6856 |
| ) | |
| MATTHEW ALCOKE and ) | |
| MARK WALLSCHLOEGER, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

*Pro se* plaintiff Steven Boyd, a federal prisoner, has sued FBI agents Matthew R. Alcoke and Mark Wallschloeger pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971). Alcoke and Wallschloeger have moved for summary judgment. For the reasons stated below, the Court denies the motion.

Because defendants have moved for summary judgment, the Court views the facts in the light most favorable to Boyd, the non-moving party, drawing reasonable inferences in his favor. *E.g., Groesch v. City of Springfield*, 635 F.3d 1020, 1022 (7th Cir. 2011). Alcoke and Wallschloeger apprehended Boyd after he robbed a bank in Chicago, Illinois on December 15, 2008. He was handcuffed and placed by himself in an FBI van while defendants stood nearby. Boyd attempted to flee in the van, but he was stopped by Wallschloeger, who ran in front of the van and shot Boyd when he failed to stop. Boyd suffered an apparently superficial gunshot wound to the chest.

The Court previously ruled that Boyd cannot pursue a claim regarding the shooting because it is precluded by findings in his criminal case. Boyd alleges, however, that after removing him from the van, defendants struck him on the head with a gun. The Court permitted Boyd to proceed with a claim based on that alleged incident.

Boyd's only evidence in support of his claim is his own testimony. He states that that defendants struck him while he was wounded, unarmed, and in restraints, on the ground outside the van.

Defendants state that they did not strike Boyd once he was detained outside of the van. They claim that he was face down and in handcuffs on the ground and that they called for medical assistance. In support of their contention, defendants offer a report by the Chicago Fire Department paramedics were called to the scene, which notes only the gunshot wound to Boyd and no other signs of trauma. Defendants also offer a report from Northwestern Memorial Hospital, where Boyd was treated, which likewise notes only the gunshot wound and identifies no other injuries. In addition, defendants offer photographs that the FBI took of Boyd at the hospital. They contend these show no evidence of injuries other than the gunshot wound. Defendants also note that medical records from the jail where Boyd was taken do not identify any injury other than the gunshot wound.

Defendants also argue that Boyd repeatedly referred to the gunshot wound at various junctures but never complained about the alleged assault alleged here until he filed this case. Specifically, Boyd referenced the shooting when he was treated by paramedics, at the hospital, during his interview by FBI agents investigating the bank

robbery and shooting, during his examination at the jail following his arrest, at his criminal trial on the bank robbery charge, and while serving his prison sentence.

Defendants argue that the evidence they have submitted demonstrates that the assault Boyd alleges did not actually occur. They seek summary judgment on this basis. In the alternative, they argue that Boyd's claim is barred by the doctrine of qualified immunity.

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Wackett v. City of Beaver Dam*, 642 F.3d 578, 581 (7th Cir. 2011). The Court may not weigh conflicting evidence or make credibility determinations. *Omnicare, Inc. v. UnitedHealth Group, Inc.*, 629 F.3d 697, 704 (7th Cir. 2011).

Defendants are not entitled to summary judgment. This is not a close question. The case boils down to a credibility determination. Boyd says that defendants struck him in the head with a gun while he was handcuffed and lying defenseless on the ground. Defendants say they did so such thing. The testimony is in direct conflict. There is no basis for the Court to find, based on the entirely paper record presented in this case, that no reasonable fact finder could credit Boyd's version. The case must proceed to trial.

Defendants rely on *Scott v. Harris*, 550 U.S. 372 (2007), in which the Supreme Court ruled that summary judgment should have been granted in an excessive force case despite the plaintiff's testimony. In *Scott*, however, the incident in question was recorded on video. Based on the recording, the Supreme Court concluded that the plaintiff's "version of events [was] so utterly discredited by the record that no reasonable

jury could have believed him." *Id.* at 380. The Court said that the lower court, which had ruled that summary judgment was inappropriate, should not have relied on plaintiff's testimony given that it was "visible fiction; it should have viewed the facts in the light depicted by the videotape." *Id.* at 380-81.

*Scott* does not indicate that summary judgment is appropriate in the present case. In that case, there was a contemporaneous video recording that demonstrated the falsity is the plaintiff's version of events. In this case, there is nothing of the kind. The Court acknowledges that defendants have marshaled a good deal of impeachment by omission as well as evidence that third parties did not observe physical signs of the blow that Boyd claims defendants administered. The law, however, does not require a fact finder to disbelieve a witness who is impeached, even one who is repeatedly impeached. In addition, Boyd may deny the accounts of the persons who say he did not mention the blow to his head, or he could plausibly contend that he focused his comments on the gunshot wound because it was far more serious. Moreover, because a plaintiff "need not show physical injury in order to sustain an excessive force claim," *Baird v. Renbarger*, 576 F.3d 340, 344 (7th Cir. 2009), it follows that a plaintiff need not demonstrate any visible signs of injury. Thus the fact (assuming it is a fact) that medical personnel observed no such signs does not defeat Boyd's claim.

In sum, there is a genuine issue of material fact, precluding summary judgment in defendants' favor on the issue of liability.

The same genuine factual dispute precludes entry of summary judgment based on qualified immunity. "The doctrine of qualified immunity shields from liability public officials who perform discretionary duties and it thus protects [law enforcement] officers

4

who act in ways they reasonably believe to be lawful." *Wheeler v. Lawson*, 539 F.3d 629, 639 (7th Cir. 2008).

The test for qualified immunity requires the Court to assess " (1) whether the facts, taken in the light most favorable to the plaintiff, show that the defendant violated a constitutional right; and (2) whether that constitutional right was clearly established at the time of the alleged violation." *Id.* As the Court has just concluded, the facts, taken in the light most favorable to Boyd, reflect that the agents struck him on the head with a firearm while he was handcuffed and defenseless, lying on the ground. At the time of the incident, the law was clearly established that law enforcement officers could not assault a defenseless suspect who did not pose a threat to the officers or others. *See Phillips v. Community Ins. Corp.*, 678 F.3d 513, 528-29 (7th Cir. 2012) (discussing case law on this point). Summary judgment based on qualified immunity is therefore inappropriate.

## Conclusion

For the reasons stated above, the Court denies defendants' motion for summary judgment [dkt. no. 91]. The case is set for a status hearing on January 23, 2013 at 8:45 a.m. for the purpose of setting a trial date and discussing the possibility of settlement. Defense counsel is directed to make arrangements for plaintiff to participate by telephone.

_____
MATTHEW F. KENNELLY
United States District Court

Date: December 26, 2012