# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6856 (App. No. 13-1651) | **DATE** | June 27, 2013 |
| **CASE TITLE** | Steven D. Boyd (40912-424) v. Matthew R. Alcoke, et al. | | |

### DOCKET ENTRY TEXT

Plaintiff's custodial agency is directed to make monthly deductions from Plaintiff's trust fund account for payment to the Clerk of Court in accordance with this order. Plaintiff is obligated to make monthly payments until the appellate fees of $455 are paid in their entirety. The Clerk shall send a copy of this order to the trust fund officer at the Federal Correctional Institute Terre Haute, Indiana, and to the PLRA attorney, United States Court of Appeals for the Seventh Circuit. The payment obligation follows Plaintiff to whatever custodial institution to which he may be transferred.

■[ For further details see text below.]                                        Docketing to mail notices.

## STATEMENT

The United States Court of Appeals for the Seventh Circuit has dismissed Plaintiff's appeal and issued its mandate in *Boyd v. Alcoke*, No. 13-1651 (7th Cir. June 19, 2013) (Dkt. No. 129). The Court of Appeals has instructed this Court to collect the appellate fee from Plaintiff.

Pursuant to the Seventh Circuit's mandate, the agency having custody of Plaintiff is directed to remit the appellate docketing fee of $455 from Plaintiff's prison trust fund account if such funds are available. If Plaintiff does not have $455 in his account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from Plaintiff's trust fund account to the Clerk of Court each time Plaintiff's account exceeds $10.00 until the statutory appeal fee of $455.00 is paid in its entirety. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

Plaintiff is responsible for ensuring that the institution having custody of him makes payment of the filing fees as directed by this order. Nonpayment for any reason other than destitution shall be construed as a voluntary relinquishment of the right to file future suits in forma pauperis. *Thurman v. Gramley*, 97 F.3d 185, 188 (7th Cir. 1996). The obligation to ensure full payment of the filing fees shall not be relieved by release or transfer to another prison.