# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN BOYD | ) | |
| | ) | |
| vs. | ) | Case No. 09 C 6856 |
| | ) | |
| MATTHEW ALCOKE and | ) | |
| MARK WALLSCHLAEGER | ) | |

## MEMORANDUM REGARDING PROPOSED DEFENSE EXHIBITS

MATTHEW F. KENNELLY, District Judge:

The Court has reviewed the proposed exhibits submitted by counsel for defendants and is concerned that a number of them are likely inadmissible or contain significant amounts of material that is extraneous and subject to exclusion. Plaintiff is proceeding *pro* se and likely lacks familiarity with the rules of evidence. The Court is advising defense counsel of its concerns in advance of trial so that counsel will be prepared to address them before the exhibits are offered in evidence.

The Court also notes that because plaintiff is not a registered e-filer, he will not receive this memorandum via the Clerk prior to the outset of trial. Defense counsel are to do their best to attempt to get a copy of the memorandum to plaintiff sometime on Friday, August 12.

The Court offers the following (potentially non-exhaustive) list of admissibility concerns regarding the admissibility of certain proposed defense exhibits.

1. Exhibit 1 is a Chicago Fire Department report that includes obvious hearsay that may or not be covered by an exception to the hearsay rule. The Court questions whether defendants can lay the necessary foundation to admit this exhibit in

evidence, particularly given the absence of any Chicago Fire Department personnel on defendants' witness list.

2 & 3. Exhibits 2 and 3 contain some material that is likely admissible (for example, the specific references noted in the affidavits submitted as Exhibits 4 and 5) but they also contain large amounts of irrelevant or unfairly prejudicial material that does not appear to have any bearing on the issues in this case – which concern whether one or both of the defendants struck plaintiff in the head after he had been shot; if so, whether this was justified; and if not, what damages plaintiff may recover.

6 & 7. Exhibits 6 and 7 are Bureau of Prisons documents apparently memorializing "health screens" of the plaintiff. As with Exhibit 1, the report includes obvious hearsay, and the Court question whether defendants can lay the necessary foundation to offer the exhibit in evidence.

8 & 9. The Court advised defense counsel at the pretrial conference that the documents memorializing plaintiff's prior convictions, Exhibits 8 and 9, are likely inadmissible as exhibits unless plaintiff denies the convictions or relevant facts regarding them while testifying.

10. Exhibit 10 is a summary prepared by counsel listing plaintiff's allegedly varying allegations regarding what he claims defendants did that constituted excessive force. As the Court advised defense counsel at the pretrial conference, defendants may certainly attempt to impeach plaintiff by offering prior inconsistent statements or material omissions, but the summary by counsel is not independently admissible. At most, it may be used as a demonstrative exhibit.

11. Exhibit 11 is a redacted version of plaintiff's plea declaration in his bank robbery case. The majority of this exhibit has no conceivable bearing on the issues in this case. There is a good chance that a portion of the last paragraph on page three may be admissible because it may assist in illuminating the events surrounding plaintiff's arrest. It is highly unlikely, however, that the Court will allow the exhibit in its current redacted form to be admitted in evidence.

12. Exhibit 12 is a copy of certain statements by plaintiff at sentencing in his bank robbery case. The Court has a very difficult time seeing how any of these statements are relevant, or if relevant why they should not be excluded under Rule 403. Defense counsel should be prepared to justify the admission of this document.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 8, 2013